# DORIS MILLER AND ANOTHER v. MINNEAPOLIS STREET RAILWAY COMPANY, INC., AND ANOTHER.[1]

July 3, 1953.

No. 36,036.

*Levine & Levine,* for appellants.

*Freeman, Larson & Peterson,* for respondents.

LORING, CHIEF JUSTICE.

This appeal involves two actions, one by Doris Miller for personal injuries and one by her husband, Vernon Miller, for personal injuries and property damage, both arising out of an automobile-streetcar collision in the city of Minneapolis. Defendants are the

[1]Reported in 59 N. W. (2d) 923.

548

streetcar company and the motorman who was operating the particular streetcar involved. The jury returned a verdict for defendants. Plaintiffs appeal from the order denying their motion for a new trial.

Plaintiffs' assignments of error and argument may be divided into two parts: (1) Plaintiffs contend that the evidence conclusively established the negligence of defendants and that therefore there should have been a directed verdict for plaintiffs at the close of the evidence; (2) plaintiffs assign error in the court's refusal to charge the jury that there was no evidence which would warrant finding "plaintiff" guilty of contributory negligence. There is no indication whether the term "plaintiff" was intended to refer to both or only one of the plaintiffs.

■ From a review of the evidence presented, resolving all doubts and conflicts in favor of defendants (the prevailing parties), the following appear to be the facts. The streetcar and an automobile owned and operated by Vernon Miller were both proceeding east on Lake street near the intersection with Emerson avenue south. The accident occurred in the late afternoon, and the weather appears to have been clear and dry. The Miller automobile passed the streetcar on the right side at approximately the intersection of Emerson avenue and Lake street. Shortly after passing, Miller pulled left on the streetcar tracks and stopped, apparently intending to make a left turn into an alley when the westbound traffic cleared. Defendant motorman testified that Miller gave no left-turn signal. He also testified that as soon as he saw the Miller car stop on the tracks he applied the brakes. There was testimony that the streetcar was in good operating condition. Apparently the distance was not enough to allow the streetcar to stop, and it collided with the back of the Miller automobile. Damage to the automobile appears to have been slight.

At the close of the evidence, plaintiffs' counsel moved for a directed verdict—

"* * * on the ground that the evidence is clear to the effect that the defendants were guilty of negligence and that there is no evi-

dence in the record showing any negligence on the part of either of the plaintiffs."

The motion was properly denied. From a review of the evidence the negligence of defendants was at most a question for the jury.

■ Plaintiffs' allegation of error relative ·to the court's failure to charge the jury that there was no evidence which would warrant finding "plaintiff" guilty of contributory negligence is ambiguous. As previously indicated, the assignment of error does not specify whether the word "plaintiff" refers to one or both of plaintiffs, nor does the argument clear up this matter. Plaintiffs' requested instruction on the matter also uses the term "plaintiff" without further designation.

From a review of the evidence presented, there appears to be ample evidence of negligence on the part of plaintiff Vernon Miller, the driver of the automobile. There was testimony that, after passing, Miller pulled in front of the streetcar and stopped without giving any left-turn signal. His contributory negligence was a question for the jury.

■ However, we find no evidence to support a finding of contributory negligence on the part of plaintiff Doris Miller, a passenger in the automobile. Although apparently appellant would have us believe that the trial court made no charge on the matter, an examination of the settled case discloses the following instructions:

"* * * The defense of contributory negligence is submitted to you as against only the plaintiff Vernon Miller, and therefore the instructions concerning the subject of contributory negligence apply only as between Vernon Miller and the defendants herein. In this connection you are further instructed that under the law and the particular circumstances of this case, that the negligence, if any, of plaintiff Vernon Miller cannot be imputed to the plaintiff Doris Miller.

\* \* \* \* \*

"As I have heretofore instructed, the question of contributory negligence of Mrs. Miller raised by the affirmative defense in the defendants' answer is not sustained by the evidence. Therefore, you are instructed that such is withdrawn from your consideration."

Therefore, implicit in the verdict is a finding that the defendants were not negligent.

The order appealed from is affirmed.

Affirmed.